UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY BRADLEY,

           Petitioner,

v.                                      Case No. 22-CV-1269

EARNELL LUCAS,

           Respondent.

## REPORT AND RECOMMENDATION

Rodney Bradley is detained in Milwaukee County Jail awaiting trial on felony charges of attempted first degree intentional homicide with the use of a dangerous weapon, unlawful possession of a firearm, and stalking with the use of a dangerous weapon, which charges are pending in Milwaukee County Circuit Court. (ECF No. 1-1 at 6.) Bradley has been in custody since April 29, 2021, in lieu of $150,000 cash bond. (ECF No. 1-1 at 4.)

On June 25, 2021, Bradley demanded a speedy trial under Wis. Stat. § 971.10. (ECF No. 1-1 at 3.) A trial date was set for August 30, 2021. (ECF No. 1-1 at 3.) The parties appeared for trial on that date, but the court was unavailable due to the trial of another matter, and Bradley's trial was adjourned to December 13, 2021. (ECF No. 1-1 at 2.)

On September 17, 2021, Bradley's counsel at the time filed a motion to dismiss or, in the alternative, to modify bail so that Bradley could be released on a signature bond. (ECF No. 1-1 at 2.) Argument on the motion was scheduled for October 6, 2021. (ECF No. 1-1 at 2.) But on October 6, 2021, the court granted Bradley's attorney's motion to withdraw as counsel. (ECF No. 1-1 at 2.) Bradley went another five months before retaining new counsel. (ECF No. 1-1 at 7.) As a result, Bradley's motion to dismiss was never litigated and his trial scheduled for December 13, 2021, never happened. (ECF No. 1-1 at 7.) After a long series of delays, trial was eventually rescheduled for November 7, 2022. (ECF No. 1-1 at 7.)

Pursuant to Fed. R. Evid. 201(b)(2), the court has reviewed the record of state court proceedings, which is available at https://wcca.wicourts.gov/. On November 7, 2022, Bradley's new counsel filed a motion to withdraw, and Bradley's trial was once again adjourned. Currently, there is no set trial date.

On July 16, 2022, Bradley filed with Milwaukee County Circuit Court a petition for a writ of habeas corpus pursuant to Wis. Stat. § 782.01 seeking dismissal of the pending charges and his release from custody. (ECF No. 1.) Bradley argued that his right to a speedy trial had been violated and, therefore, his continued detention was unlawful. (ECF No. 1 at 1-4.)

On August 15, 2022, the Milwaukee County Circuit determined that it "was not authorized to entertain [Bradley's] petition" because "there [was] another adequate

remedy at law under [Wis. Stat.] § 971.10(4)[.]" (ECF No. 1-1 at 7-8.) On that basis the state circuit court denied his petition. (ECF No. 1-1 at 8.)

On October 26, 2022, Bradley filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking dismissal of his pending state charges and his release from custody on the basis that his right to a speedy trial has been violated and, therefore, he is being held unlawfully. (ECF No. 1 at 1-4.) It appears that Bradley, instead of using this court's standard writ of habeas corpus form, *see* Civ. L. R. 9(a), forwarded to this court his state circuit court petition (ECF No. 1 at 1-4), along with the circuit court's order denying his petition and the record of his criminal case's proceedings, which are marked together as "Exhibit A" (ECF No. 1-1 at 1-8). It thus appears Bradley intends for his state petition—which the state circuit court denied—to serve as his § 2241 petition with this court, and the court will construe it as such.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

3

Case 2:22-cv-01269-WCG   Filed 11/09/22   Page 3 of 6   Document 5

Bradley notes that Wisconsin statutorily guarantees the right to a speedy trial. In Wisconsin, a person charged with a felony generally must be brought to trial within 90 days of his demand for a speedy trial. Wis. Stat. § 971.10. If a trial does not start by the deadline, the defendant must be released from pretrial custody. *Id.* Bradley asserts that despite his demand for a speedy trial he has been detained for over a year. (ECF No. 1 at 2.)

As to any right to a speedy trial under state law, "[f]ederal habeas corpus relief does not lie for errors of state law." *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Tatum v. Meisner*, No. 13-C-1348, 2014 U.S. Dist. LEXIS 134528, at *3 (E.D. Wis. Sep. 24, 2014) (discussing Wis. Stat. § 971.10); *Franklin v. Bartow*, No. 09-CV-664, 2009 U.S. Dist. LEXIS 118040, at *11 (E.D. Wis. Dec. 18, 2009) (same); *see also Roth v. Lundell*, No. 05-C-148-C, 2005 U.S. Dist. LEXIS 8195, at *12 (W.D. Wis. May 4, 2005) (noting that a violation of Wis. Stat. § 971.10 would not state a claim under 42 U.S.C. § 1983). Even if Bradley could show that the Milwaukee County Circuit Court failed to comply with Wisconsin's speedy trial statute, it would not entitle him to federal habeas corpus relief.

Bradley also alleges that his continued detention violates the United States Constitution. Violations of the constitutional right to a speedy trial embodied in the Sixth Amendment may merit federal habeas corpus relief under 28 U.S.C. § 2241. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Thus, a person in state custody may turn to a federal court

under section 2241 to demand that the state provide him with the speedy trial he is constitutionally guaranteed. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). However, if a petitioner seeks dismissal of the charges against him, at a minimum he must first exhaust his remedies in state court before turning to federal court. *Graf v. Clarke*, No. 14-C-1205, 2014 U.S. Dist. LEXIS 149218, at *3 (E.D. Wis. Oct. 20, 2014); *see also Powell v. Saddler*, No. 12 C 2928, 2012 U.S. Dist. LEXIS 126671, at *18 (N.D. Ill. Sep. 6, 2012) (noting that abstention is required if the petition seeks to enjoin state court proceedings due to a speedy trial violation, but abstention is not required "where a petitioner seeks to enforce his right to a speedy trial by having a federal court order that a trial take place"); *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright.").

As explained above, the Milwaukee County Circuit Court denied Bradley's initial petition for writ of habeas corpus on August 15, 2022. (ECF No. 1-1 at 6-8.) There is no suggestion in the record that Bradley has appealed that decision. Therefore, because Bradley has not yet exhausted his state court remedies, the court will recommend that his petition be dismissed. *See United States v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991).

**IT IS THEREFORE RECOMMENDED** that Bradley's petition and this action be dismissed for failure to exhaust his remedies in state court.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 9th day of November, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge